UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRUCE M. SKOORKA,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**KEAN UNIVERSITY, THE STATE OF NEW JERSEY, THE BOARD OF TRUSTEES OF KEAN UNIVERSITY, KEAN FEDERATION OF TEACHERS, COUNCIL OF NEW JERSEY STATE COLLEGE LOCALS, AMERICAN FEDERATION OF TEACHERS, WILLIAM M. KEMPEY, DAWOOD FARAHI, VINTON THOMPSON, ALFRED NGOME NTOKO, MARIA DEL C. RODRIGUEZ,**<br><br>      **Defendants.** | 07-CV-1629 (WJM)<br><br><br>ORDER<br><br>HON. WILLIAM J. MARTINI |

    **THIS MATTER** comes before this Court on Defendant American Federation of Teachers' ("AFT") motion to dismiss Plaintiff's employment discrimination claims against it under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff alleges that AFT, the national union affiliated with Plaintiff's local union, has violated his rights under state and federal employment discrimination laws by failing to remedy illegal employment discrimination against Plaintiff by his employer.  Although Rule 12(b)(6) allows dismissal only in rare cases, it is appropriate here since unions are not liable merely for failing to remedy an employer's discrimination.  Accordingly, this Court **GRANTS** AFT's motion to dismiss Plaintiff's claims against it.

    Plaintiff is a professor at Kean University.  (Compl. ¶ 3.)  As a professor, he is a member of a local union affiliated with Defendant AFT, a national union.  (Compl. ¶¶ 7, 10, 27, 40.)

    Plaintiff filed a complaint in this Court alleging that Defendants have violated his rights under state and federal employment discrimination law, namely 42 U.S.C. § 2000e (2000), N.J.

STAT. ANN. § 10:5-12 (West 2002), and N.J. STAT. ANN. § 34:19-3 (West 2002 & Supp. 2007). (Compl. ¶ 2.)  Specifically, Plaintiff alleges that Kean University discriminated against him because he is Jewish and because he has filed other complaints against Kean University. (Compl. ¶ 28, 29.)  Plaintiff alleges that for these reasons Kean University gave him undesirable work assignments and refused to promote him.  (Compl. ¶ 51, 54.)  Plaintiff alleges that AFT is liable for Kean University's violations because it failed to remedy them.  (Compl. ¶ 40.)

AFT now moves under Rule 12(b)(6) to dismiss these claims against it.  (AFT's Mot. to Dismiss.)  AFT argues that unions cannot be held liable merely for failing to remedy an employer's illegal discrimination.  (AFT's Mem. Supp. Mot. to Dismiss.)

In adjudicating AFT's Rule 12(b)(6) motion, this Court applies a standard weighted heavily in Plaintiff's favor.  This Court takes Plaintiff's factual allegations as true, construing them in the light most favorable to him.  *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 142 (3d Cir. 2002).  Dismissal under Rule 12(b)(6) is then proper only if these facts still fail to state a legally cognizable claim.  *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003).

Even under this lenient standard, Plaintiff's claims against AFT still fail.  The statutes that Plaintiff invokes expressly prohibit only active discrimination against employees based on certain characteristics—such as religion—or engagement in certain protected activities—such as complaining about an employer's past violations of employment discrimination law.  § 2000e; § 10:5-12; § 34:19-3.[1]  These statutes do not impose affirmative duties upon unions to protect union employees from their employer's illegal discrimination.  *EEOC v. Pipefitters Ass'n Local*

---

[1] § 34:19-3 expressly applies only to employers, not unions.

*Union 597*, 334 F.3d 656, 660–61 (7th Cir. 2003); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 832 (8th Cir. 2002); *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 95–96 (3d Cir. 1999); *see Myers v. Gilman Paper Corp.*, 544 F.2d 837, 850–51 (5th Cir. 1977). *Contra Howard v. Int'l Molders & Allied Workers Union*, 779 F.2d 1546, 1553 (11th Cir. 1986).[2] Here, Plaintiff clearly attempts to impose liability upon AFT solely for its failure to remedy Kean University's illegal discrimination. Accepting these allegations as true for the purpose of adjudicating this motion, *see Krantz*, 305 F.3d at 142, this Court holds that they do not state a claim for which this Court may grant relief. Accordingly,

    **IT IS** on this 4th day of October, 2007, hereby,

    **ORDERED** that Defendant AFT's motion to dismiss Plaintiff's claims against it is **GRANTED**.

                              s/ William J. Martini  
                              **William J. Martini, U.S.D.J.**

---

[2]This Court declines to follow the contrary approach adopted in *Howard* for three reasons. First, *Howard* is in the small minority of cases holding that unions may be held liable solely for failing to remedy employer discrimination. *EEOC*, 334 F.3d at 660. Second, *Howard* extends liability beyond the text of the applicable employment statutes, which expressly forbid only active discrimination. *See* § 2000e-2; § 10:5-12; § 34:19-3. Third, it is contrary to the approach that the Third Circuit has adopted. *See Anjelino*, 200 F.3d at 95–96.